UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEFFERY HENRY,

    Plaintiff

v.

CLICK BOND,

    Defendant

Case No.: 3:25-cv-00208-CSD

**Order**

Re: ECF Nos. 45, 46 and 51

Before the court is defendant Click Bond's motion to stay discovery pending resolution of its pending motion to dismiss Plaintiff's amended complaint. (ECF No. 45.) Plaintiff filed a response. (ECF No. 49.) Click Bond filed a reply. (ECF no. 54.)

Plaintiff has also filed a motion for leave to conduct early discovery and to compel responses to requests for production (ECF No. 46) as well as a motion to deem admitted matters in his requests for admission (ECF No. 51).

For the reasons set forth below, Click Bond's motion is granted and discovery is stayed pending resolution of the motion to dismiss and until the court issues an order lifting the stay. Plaintiff's motion for leave to conduct early discovery, to compel the production of documents, and motion to deem admitted matters in his requests for admission are also denied.

**I. BACKGROUND**

Plaintiff filed a complaint related to his employment with Click Bond. (ECF No. 4.) The complaint alleges that he identified and reported environmental and safety violations, and after engaging in this reporting, he was retaliated against and ultimately terminated from his position. The complaint contains claims for retaliation and sex discrimination under Title VII,

whistleblower retaliation for reporting environmental and safety violations, and wrongful termination in violation of public policy.

Click Bond moved to dismiss the original complaint. (ECF No. 11.) Plaintiff subsequently filed a motion for leave to amend. (ECF No. 28.)

The court granted Plaintiff's motion for leave to amend, as he was entitled to amend as a matter of course under Federal Rule of Civil Procedure 15. As such, Click Bond's motion to dismiss the original complaint was denied as moot. The court gave Plaintiff until September 9, 2025, to file an answer *or other responsive pleading*. (ECF No. 34.)

The amended complaint again alleges that Plaintiff identified environmental and safety violations at Click Bond and was retaliated against because of his reporting, and was discriminated against based sex, and ultimately was terminated from his position. He includes claims for retaliation and sex discrimination under Title IVV, whistleblower retaliation, retaliation for reporting environmental violations, wrongful termination in violation of public policy, and now alleges a claim for disability discrimination and retaliation under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). (ECF No. 35.)

Click Bond has moved to dismiss the amended complaint. (ECF No. 43.) That motion is now fully briefed and pending before the court.

Click Bond also moves to stay discovery pending resolution of the motion to dismiss. (ECF No. 45.)

Plaintiff, on the other hand, moves for leave to conduct early discovery, to compel responses to requests for production, and to deem admitted matters in his requests for admission. (ECF Nos. 45, 46.)

///

**II. DISCUSSION**

**A. Motion to Stay Discovery**

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Judges within the District of Nevada have used varying approaches to determine whether a stay of discovery is warranted while a potentially dispositive motion is pending: the "preliminary peek" approach and the "good cause" approach.

Under the "preliminary peek" approach, courts look at whether: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the motion may be successful and the claim(s) will be dismissed. *Id*. (citation omitted).

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citation omitted). "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

3

Under the more lenient "good cause" approach, courts evaluate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citations omitted). Good cause may exist if the moving party convinces the court the plaintiff cannot state a claim. *Id*. It may also exist when other factors are present, such as undue burden or expense or prejudice. *Id*.

This court has generally used the preliminary peek approach to assess whether a stay is warranted pending resolution of a dispositive motion, and will apply that standard here.

Preliminarily, Plaintiff argues the motion to stay discovery should be denied because the motion to dismiss is unlawful because the court already denied Click Bond's initial motion to dismiss, and they were supposed to answer the amended complaint. The initial motion to dismiss was not denied on substantive grounds, but because Plaintiff was permitted leave to amend as a matter of course under Federal Rule of Civil Procedure 15. As such, the motion to dismiss no longer addressed the operative complaint. Moreover, the court specifically instructed Click Bond to file an answer *or other responsive pleading*. This expressly contemplates the filing of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Therefore, Click Bond's motion is procedurally proper, and not unlawful, as Plaintiff suggests.

With respect to the substance of the motion to stay discovery, first, there is no question that the pending motion is potentially dispositive.

Second, the motion to dismiss can be decided without additional discovery. Plaintiff claims he needs to conduct additional discovery, however, it appears that discovery goes to the merits of his alleged claims, and is not necessary for the court's determination of the motion to dismiss.

Finally, the court is in the unique position to be assigned to this case on consent, and has taken a preliminary peek at the motion to dismiss and is convinced that the motion will be successful. Plaintiff's amended complaint contains "bare bones" statements that he reported environmental and safety violations and was subject to discrimination in his employment, but it contains no *factual* allegations to describe what happened to Plaintiff, when it happened, or what Click Bond did to allegedly violate his rights. While Plaintiff may be granted leave to amend to attempt to state a claim, his amended complaint is so vague at this point that it is impossible for the court to determine the contours of his claims or whether he will be able to state a plausible claim for relief on amendment.

For these reasons, the court concludes that permitting discovery at this juncture would be "a waste of effort." Click Bond's motion to stay discovery pending resolution of the motion to dismiss is granted. Discovery is stayed pending resolution of the motion to dismiss and further order of the court lifting the stay.

**B. Motion to Conduct Early Discovery and Motion to Compel the Production of Documents**

First, Plaintiff asks for leave to conduct early discovery under Rule 26(d)(1).

Plaintiff's request for leave to conduct early discovery is denied because the court has now stayed discovery pending resolution of the pending motion to dismiss.

Second, Plaintiff moves for an order compelling Click Bond to produce documents responsive to Plaintiff's requests for production.

This motion is denied in this respect as well as Plaintiff did not comply with the court's Civil Standing Order (ECF No. 13), Local Rules IA 1-3(f) and 26-6(b) and (c), or Federal Rule of Civil Procedure 37(a)(1). A discovery motion requires a meet and confer in person or by videoconference or telephone. A discovery motion must include a declaration detailing the meet

and confer efforts undertaken to resolve the dispute. While Plaintiff's motion contains a brief statement that he satisfied the meet and confer requirement, he did not include the required declaration setting forth the details of the meet and confer.

In addition, the motion must include the discovery and responses in dispute in full in a single exhibit, and Plaintiff did not include the requests for production and responses.

**C. Motion to Deem Admitted Matters in Plaintiff's Requests for Admission**

Plaintiff's motion to deem admitted matters in Plaintiff's requests for admission is also denied because Plaintiff did not comply with the rules cited above requiring a declaration certifying the meet and confer efforts before filing the discovery motion.

The court notes that Plaintiff attaches email correspondence where Click Bond's counsel asked for a brief extension of time to respond to the requests for admission, and Plaintiff refused to agree to any extension. (ECF No. 51 at 29.) Brief requests for an extension to respond to discovery are routinely granted in this district as a professional courtesy. While Plaintiff is proceeding pro se and is not a lawyer, the court expects him to conduct himself in this litigation with civility and extend reasonable professional courtesies to opposing counsel. In the event Plaintiff is behaving unreasonably, counsel may request the court for additional time to respond to discovery.

### III. CONCLUSION

Click Bond's motion to stay discovery pending resolution of its motion to dismiss Plaintiff's amended complaint (ECF No. 45) is **GRANTED**. Discovery is stayed pending resolution of the motion to dismiss, and until the court orders that the stay is lifted.

Plaintiff's motion to conduct early discovery and to compel the production of documents (ECF No. 46) is **DENIED**.

Plaintiff's motion to deem admitted matters in his requests for admission (ECF No. 51) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 25, 2025

_____
Craig S. Denney
United States Magistrate Judge